WRIGHT, J.
to the jury. If two own adjoining lands, and the place of the boundary between them is in dispute, and the parties in order to settle the dispute, agree upon a line as the boundary, and afterwards ocoupy to the line so agreed, the agreed line, will conclude the parties and all claiming under them. It is not permitted them, on discovering a mistake, except by mutual consent, to disregard the agreement and occupancy and litigate about the line. But, if without such controversy or agreement to settle, the parties under a mistake as to the boundary, or in ignorance of the true line, shape their occupancy to a supposed line, which is afterwards discovered not to be the line, they are not concluded by such occupancy, but may resort to their title papers. If, therefore, the evidence satisfies you, that the owners of lots fifteen and sixteen adjusted the boundary between them upon the principles first suggested, and have since occupied accordingly, there would seem to be an end of the controversy.
It is urged by counsel, that you will find it necessary to locate the ground embraced in the deed in 1806, for lot sixteen, from Stone, that being the oldest legal title. If you find it necessary to perform this duty, you will, from the evidence, trace the lines of this lot on the ground: — the lines actually run in the original survey, 577] *will govern you, if your proof ascertains where those lines are. If the proof does not show you those lines as they were actually run, but does point out to you the corners or other calls of the deed, the survey should be closed by lines drawn from those corners, although the lines may not correspond with the course and distance mentioned in the deed. But, if the evidence falls short of showing you, either the actual lines run, or the corners, or other calls of the deed, then, as the next means of ascertaining the land, you will trace the course and distance of the lines as described in the deed. The first and safest reliance is the actual line as originally run. The second, lines run from acknowledged, or established corners *595 or calls. The third, the courses and distances mentioned in the deed.
If, however, the land in dispute is covered by the plaintiff’s deed and it has been adversely held by the defendants and those under whom they claim for twenty-one years before this suit was commenced, that possession will protect them, and give them a legal right to your verdict; but the possession to confer such legal right, must be aetucdly adverse — a possession asserting a right in exclusion of the plaintiffs. If the entry was by the permission of the plaintiff, or the possession was continued by 'agreement, the occupancy confers no right. Where one enters upon the land of another by his permission, he becomes his tenant and cannot dispute his landlord’s title until he restores the possession to him.
Verdict for the defendant.